UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAY L. SMITH, ET AL**  CIVIL ACTION

**VERSUS**  NO. 09-747-JJB-DLD

**FERRELLGAS, L.P., ET AL**

## ORDER

The court sua sponte notes the insufficiency of the removing defendant's allegations with respect to the citizenship of the parties.

A party invoking diversity jurisdiction must allege the *citizenship* of individuals. The notice of removal, two amended notices of removal and the state court petition indicate that plaintiffs, Ray L. Smith and Gladys Estelle Smith, are *residents* of Louisiana but do not provide their *citizenship.*

A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.,* 706 F.2d 633 (5th Cir. 1983). Neither the notices of removal nor the state court pleadings provide this information for plaintiff, Aluminum Specialties Company.

A party invoking diversity jurisdiction must properly allege the citizenship of a limited partnership. For a partnership, case law suggests that a partnership has the citizenship of each one of its partners. See *International Paper Co. v. Denkmann Assoc.,* 116 R.3d 134, 137 (5th Cir. 1997). A limited partnership or L.P. also has the citizenship of each one of its partners, both general and limited. See *Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1014, 1008 L.Ed.2d 157 (1990). The notices of removal state that defendant, Ferrellgas, L.P., is a Delaware limited partnership with its principal place of business in

Kansas but do not identify its partners and state the citizenship of each one of its partners, both general and limited. Further, the corporate disclosure, rec. doc. no. 3, does not fully identify the partners of Ferrellgas, L.P. and does not state their citizenship. Accordingly,

**IT IS ORDERED**, pursuant to 28 U.S.C. §1653, that, on or before **November 12, 2009**, the defendant shall file an amended notice for removal setting forth all particulars required to sustain diversity jurisdiction. Failure to timely comply with this order may result in remand of this action.

Signed in Baton Rouge, Louisiana, on November 2, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**